UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| v. | * |
| | *   Criminal No. 13-30035-MGM |
| WILKENSON KNAGGS, | * |
| | * |
| Defendant. | * |

MEMORANDUM AND ORDER REGARDING GOVERNMENT'S MOTION
FOR SUBPOENAS REQUIRING PRODUCTION BEFORE TRIAL
(Dkt. No. 228)

February 11, 2016

MASTROIANNI, U.S.D.J.

### I.   BACKGROUND

On December 19, 2014, following a jury trial, Wilkenson Knaggs ("Defendant") was convicted on fraud charges. Defendant has been detained at state and federal correctional facilities since October 13, 2015. Following a motion by Defendant, the court has scheduled an evidentiary hearing for March 2, 2016 on the issue of Defendant's past competency to stand trial and his current competency to be sentenced. On February 3, 2016, the Government filed a motion for approval of subpoenas *duces tecum* to be issued to the correctional facilities that have held Defendant,[1] with a return date of February 19, 2016, seeking all recorded telephone calls made or received by Defendant between October 13, 2015 and February 1, 2016, excluding conversations between Defendant and his attorneys. (Dkt. No. 228.) The Government agreed to provide copies of the recordings to Defendant's counsel. (*Id.* at 2.) On February 5, 2016, Defendant filed an opposition. (Dkt. No. 236.) On February 9, 2016, the Government filed a reply memorandum in which it agreed

---

[1] The Franklin County House of Correction, the Federal Medical Center-Devens, and the Donald W. Wyatt Detention Facility.

to limit its subpoenas to telephone calls with Fred Basile, an individual Defendant engaged to manage rental properties connected with his criminal case, and any employees of Mr. Basile's property management company. (Dkt. No. 239 at 1 n.1.) For the reasons set forth below, the court allows the Government's motion, with the express limitation that the subpoenas be limited to telephone calls with Mr. Basile and persons identified by name as being employees of Mr. Basile's property management company.

## II.   DISCUSSION

Under Federal Rule of Criminal Procedure 17(c), "[a] subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. . . . [T]he court may quash or modify the subpoena if compliance would be unreasonable or oppressive." A subpoena request must meet three criteria: relevancy, admissibility, and specificity. *United States v. Nixon*, 418 U.S. 683, 700 (1974). The request must be "made in good faith" and must not be "intended as a general 'fishing expedition.'" *Id.*

Defendant objects on the grounds of relevancy and specificity.[2] With respect to specificity, Defendant argues "the Government should identify specific phone calls that they have reason to believe exist." (Dkt. No. 236 at 2.) The Government responds by agreeing to limit the subpoenas to calls with Mr. Basile, who it identifies as "an individual [Defendant] engaged to manage his rental properties," and any employees of Mr. Basile's property management company. (Dkt. No. 239 at 1 & n.1.) As discussed below, the Government has explained that it wants the telephone calls due to their relevance to Defendant's competency. So long as Mr. Basile's employees are identified by name

---

[2] Defendant does not appear to object on the ground of admissibility. Because the parties do not dispute this issue, the court will assume for the purposes of this ruling that the Federal Rules of Evidence apply to the competency hearing. In this respect, the court notes the recordings would be admissible because they would not be offered for the truth of any matter asserted. Additionally, because the Government would be permitted to have investigators listen in on Defendant's calls from correctional facilities to persons other than his attorneys, there is no expectation of privacy in the calls being requested. For its part, the defense would be permitted to seek and introduce recordings of Defendant's calls that support its position on competency.

in the subpoenas, the Government's identification of specific individuals and the business nature of the telephone calls speak to Defendant's level of functioning relative to his business matters. Accordingly, this request is sufficiently narrow to meet the requirement of specificity. *Cf. United States v. Mariano*, No. CR 12-061-01-ML, 2013 WL 866907, at *2 (D.R.I. Mar. 7, 2013) (request for documents "must specify why the materials are wanted" and "what information is contained in the documents") (internal quotation and citation omitted).

With respect to relevancy, Defendant argues the Government has not shown how the recordings "might be relevant" to the questions of Defendant's competency during his trial and his current competency to be sentenced. (Dkt. No. 236 at 2.) The Government must show a "sufficient likelihood" of relevancy to these issues of competency. *Nixon*, 418 U.S. at 700; *see also United States v. Aponte-Sobrado*, 824 F. Supp. 2d 285, 287 (D.P.R. 2011). In general, recorded telephone calls may be relevant to a determination of competency. *See United States v. Garcia*, 282 F. App'x 14, 17-18 (2d Cir. 2008) (affirming competency determination based, in part, on "recorded telephone conversations"); *Weathers v. Stephens*, No. SA-06-CA-868-XR, 2015 WL 5098872, at *21 (W.D. Tex. Aug. 31, 2015) (finding "numerous comments made by [p]etitioner during his recorded telephone conversations" while incarcerated to be probative of competency). Here, more specifically, the Government has shown a "sufficient likelihood" that telephone calls between Defendant and Mr. Basile and/or Mr. Basile's named employees are relevant to the issues to be discussed at Defendant's upcoming competency hearing. *Cf. United States v. Clark*, No. 94-cr-10833, 53 F.3d 1281, 1995 WL 295908, slip op. at *3 (5th Cir. Apr. 24, 1995) (unpublished, but precedential pursuant to local rule) (affirming finding of competency based, in part, on defendant's recorded telephone conversations while incarcerated and testimony from business associates regarding business dealings).

### III. CONCLUSION

For the foregoing reasons, the Government's motion for subpoenas (Dkt. No. 228) is ALLOWED, with the express limitation that the subpoenas be limited to telephone calls with Fred Basile and persons identified by name as being employees of Mr. Basile's property management company.

It is So Ordered.

    /s/ Mark G. Mastroianni  
MARK G. MASTROIANNI  
United States District Judge